501 A.2d 283

UNITED STATES NATIONAL BANK IN
JOHNSTOWN, Appellant,

v.

RELIANCE INSURANCE COMPANY, Appellee.

Superior Court of Pennsylvania.

Argued Sept. 12, 1985.

Filed Dec. 13, 1985.

E.J. Strassburger, Pittsburgh, for appellant.

Danial J. Weis, Pittsburgh, for appellee.

Before OLSZEWSKI, POPOVICH and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This is an appeal from the judgment of the lower court following a jury trial in which appellant was denied payment under an insurance policy issued by appellee.  Appel-

lant contends that the Clause E, Blanket Bond Policy[1] provided for coverage for the defaulted bank loan of Summit Mines Company, owned by Clifford L. Jones and Harold P. Walters, since the signature of Mrs. Jones, wife of co-owner Clifford Jones, was forged. The case presents no contested issue as to the amount of loss or to the authenticity of the signature. The only question is that of determining the effect of the clause fixing liability.

The disputed clause of the insurance policy is contained in a blanket bond, which covers any losses sustained by the bank as a result of a loan given on the faith of a forged signature of a guarantor. The clause, however, was not meant to cover all situations in which there are forged documents. Certain facts must be present to apply the policy. In light of our review of the evidence, we find that the policy does not apply in this situation and we therefore affirm the lower court.

Clause E of the policy is a standard clause that is regularly used. *See* Fields, *Bankers Blanket Bonds: What They Cover and What They Do Not,* Ins.Counsel J. 318; Posey, *Recent Trends in Clause E Cases—Bankers Blanket Bonds,* 33 Ins.Counsel J. 87. *See also, Continental Bank v. Phoenix Insurance Co.,* 24 Cal.App.3d 909, 101 Cal.Rptr. 392 (1972); *St. Paul Fire and Marine Insurance v. Leflore Bank and Trust Company,* 181 So.2d 913, 254 Miss. 598 (1966). Despite the clause's popularity, the particular problem before us today is unique to Pennsylvania courts. California, however, has decided a case almost directly on point which was relied upon by the trial court judge in denying appellant's motion for judgment n.o.v. and motion for a new trial. *Continental Bank v. Phoenix Insurance Co., supra,* turned on facts strikingly similar to those *sub judice.* So, too, were the allegations of error and conten-

---

**1.** The applicable provision of the Reliance policy provides coverage when there is:

> Loss ... through the Insured's having, in good faith ... given any value ... on the faith of, otherwise agreed upon, any ... documents ... which prove to have been ... forged as to the signature of any ... guarantor....

tions of the appellee. As we propose to do now, the California appellate court upheld the jury verdict in favor of the insurance company.[2]

Upon review of the evidence, Reliance, as verdict winner, is entitled to the benefit of every fact and every reasonable inference of fact arising therefrom, as well as having the evidence viewed in a light most favorable to it and any conflict arising from the evidence resolved in its favor. *See Jones v. Three Rivers Management Corporation*, 483 Pa. 75, 394 A.2d 546 (1978); *Fannin v. Cratty*, 331 Pa.Super. 326, 480 A.2d 1056 (1984); *Amerofina, Inc. v. U.S. Industries, Inc.*, 232 Pa.Super. 394, 335 A.2d 448 (1975). The pertinent facts, as found by the trier of fact, establish the following.

In 1979 appellant extended a line of credit to Summit Mines Company, a partnership consisting of Clifford L. Jones and Harold P. Walters. The credit was for $200,000, later increased to $400,000. Collateral for the loan was supplied by the accounts receivable of the business. The amount loaned was not to exceed 70 percent of the amount due Summit from other companies. Part of the paper work involved in obtaining the loans required the signatures of Mr. Jones and Mr. Walters, along with the signatures of their wives. In addition, financial statements were submitted by both men. The record shows that appellant was familiar with Mr. Walters in that several other transactions had been conducted between them. Therefore, it was not difficult to check the signatures of Mr. and Mrs. Walters. The signature of Mr. Jones was also verified. As to Mrs. Jones, the bank had no way to compare her signature, did not inquire into her credit, and had no contact with her regarding this or any other transaction.

■ Appellant argues that the judge improperly used "reliance" in its charge. The judge instructed the jury that

2. While we realize that a decision by a California appellate court is not binding, because the facts and issues on appeal were so similar, we find the *Continental* case to be informative and helpful in coming to our decision today.

they must find that the bank acted in "reliance" on the forged signature in order for them to recover under the terms of the policy. Appellant contends that "reliance" is an undue burden since the policy language requires the bank merely to act "in good faith" or "on the faith of" the signature. There is not such a stark distinction between the two rendering them incapable of being interchangeable. Citing Roget's Thesauras as authority, using the terms interchangeably is not improper, although appellant would like us to find so. We will, however, cite an additional reference, one more on point, in which "reliance" was substituted for "on the faith of." The *Continental* court interpreted the same Clause E language as meaning reliance when it wrote, "(t)he phrase 'on the faith of' clearly signifies something done 'in reliance upon.'" We therefore agree with the trial court that appellant's argument has no merit.

In the alternative, the appellant contends that even if "reliance" was the burden of proof to be used, that burden was satisfied. We do not agree. The signature of Mrs. Jones was no doubt necessary. The bank required the signature to protect itself in case of default. Obviously its method of protection is ineffective. In attempting to be assured of collection in the event that joint assets were needed to satisfy the debt, the bank was completely satisfied with Mr. Jones' word as to his wife's signature on the document. "Reliance" and even "acting on the faith of" requires something more. While the signature was necessary for protection purposes, it was not a determining factor in whether or not the loan should have been granted. The probing considerations acted on by the loan committee were the financial statements of each partner;[3] the credit history of Mr. Walters; the financial statement of Summit

---

3. The financial statement submitted by Mr. Walters was a joint statement of Mr. and Mrs. Walters. The financial statement submitted by Mr. Jones was marked "Personal." Although there was some testimony that a few of the assets were held jointly by Mr. and Mrs. Jones, a proper inference by the jury was that it was the financial statement of Mr. Jones only.

Mines Company; the accounts receivable of the company; and the signatures of Walters and Jones. Indeed, since no money would be given without accounts receivables and only 70 percent of the accounts receivable would be loaned, this appears to be the factor most heavily relied on or acted upon. Therefore, it seems clear that not only was Mrs. Jones' signature not "relied on" in giving the loan but that the loan was not given "on the faith of" her signature. Either way, appellant's argument must fail. It follows, then, that it is not necessary to discuss appellant's issue as to whether Mrs. Jones' signature was a "proximate cause" of the loss since the judgment against appellant is supported by the finding that Mrs. Jones' signature was not relied on in giving the loan.

Lastly, we find appellant's last two issues, that of an improper example given to the jury and the improper allowance of appellee's answer to appellant's request for admissions, to be without merit. As noted by the trial court, the example given was proper since it was made clear to the jury that the example was illustrative only and the ultimate decision as to the verdict was for the jury. In addition, we agree that the trial court did not abuse its discretion in allowing the answer to the request for admissions.

In light of the foregoing analysis, the lower court judgment is affirmed.